UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK S. PRESCOTT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| UNITED STATES | * | |
| | * | |
| Defendant | * | |

**COMPLAINT**

Plaintiff, Mark S. Prescott ("Mr. Prescott"), through counsel, alleges as follows:

### I.      JURISDICTION

1.      This Complaint against The United States of America is brought under the Federal Tort Claims Act for negligent medical care by employees and agents of the Togus Veterans Administration Medical Center ("VAMC") which caused Mark S. Prescott to suffer permanent injuries, damages, losses and disability.

2.      Mark S. Prescott is a resident of West Gardiner, County of Kennebec, State of Maine, and an honorably discharged veteran of the United States Navy.

3.      VAMC is a health care center organized under the United States Department of Veterans Affairs.  Each medical provider who cared for Mark S. Prescott at VAMC, including Thomas Franchini, DPM, was at all relevant times an employee or agent of VAMC, acting within the scope of his or her employment or authority as an agent. The United States of America is, therefore, the appropriate party Defendant.

4.      This Court has original jurisdiction of this action pursuant to 28 USC §1331 and

under 42 USC §233 and under the Federal Tort Claims Act, 28 USC §§1346(b), 2401(b), and 2671-2680.

5.  An attorney representing the Plaintiff timely submitted to the U.S. Department of Veterans Affairs a Notice of Claim Form ("Standard Form 95"), which was received by that Department on January 31, 2014.

6.  The U.S. Department of Veterans Affairs issued a letter dated July 22, 2014 denying Plaintiff's administrative claim and, thus, acknowledging that administrative remedies have been exhausted.

7.  Venue is proper in the District of Maine, Pursuant to 28 USC §1391(b), because a substantial part of the event or omissions giving rise to the claim occurred in the District. Venue is proper in Bangor, pursuant to Rule 3(b) of the Civil Rules of the United States District Court for the District of Maine, because a substantial part of the events or omissions giving rise to the claim occurred in Kennebec County.

## II.   GENERAL ALLEGATIONS

8.  Plaintiff incorporates the paragraphs above as if fully set forth herein.

9.  Plaintiff initially injured his left leg, ankle and foot while running in the 1990s; his condition worsened over time, necessitating procedures in 2001 and 2003.

10. Plaintiff was honorably discharged from the United States Navy on or about May 30, 2004.

11. At all relevant times, the United States was responsible for any acts and omissions by Dr. Thomas Franchini concerning Mr. Prescott's medical care.

12. At all relevant times Dr. Franchini was a podiatrist employed by VAMC.

13. At all relevant times, Dr. Franchini was a podiatric surgeon employed by VAMC.

14. Plaintiff first saw Dr. Franchini for problems with his left ankle, foot, and left leg on November 23, 2005.

15. On or about November 23, 2005, Dr. Franchini states in his medical record that osteophytes are developing in the area of the anterior ankle. Mr. Prescott was having pain in that region.

16. Dr. Franchini's plan on that date was to monitor the condition and have Mr. Prescott return in about six months for evaluation.

17. On May 17, 2006, Dr. Franchini again examined Mr. Prescott's left ankle, left foot, and left leg region. During that time, Dr. Franchini notes that Mr. Prescott had pain and instability of the left ankle.

18. After that encounter, an MRI was completed on the left ankle region.

19. On or about June 6, 2006, Dr. Franchini's medical record states that "the patient had a MRI which was disrupted with hardware placement of the ankle." Dr. Franchini then planned for Mr. Prescott to have "scope and hardware removal."

20. The hardware was from ankle procedures done in about 2001 and about 2003 at Brunswick, Maine and at Bethesda, Maryland.

21. On or about July 13, 2006, Dr. Franchini performed surgery on Mr. Prescott.

22. On or about July 13, 2006, Dr. Franchini at VAMC performed a "left ankle arthroscope and left ankle hardware removal."

23. The full surgical report authored by Dr. Franchini was not provided to Mr. Prescott as part of his complete medical file despite a request by Mr. Prescott that the complete medical file be produced. To date, Mr. Prescott does not have a complete surgical report for this surgery. Dr. Franchini's operative note from the July 13, 2006 surgery was quoted in part by Dr. Charles Foster's February 7, 2013 Podiatry Note and Care Review.

24. Dr. Charles Foster's February 7, 2013 Care Review pertaining to Dr. Franchini states that Dr. Franchini's surgical note for the July 13, 2006 surgery states that "[t]he patient tolerated all aspects of the surgery well and left the Operating Room in satisfactory condition."

25. After the July 13, 2006 surgery, Mr. Prescott continued to have pain at the level of the ankle.

26. In response to Mr. Prescott's ongoing pain after the July 13, 2006 surgery, Dr. Franchini planned to reevaluate the ankle region in the future.

27. On September 1, 2006, Dr. Franchini's medical record states that Mr. Prescott's "ankle still needs to be addressed and that a new procedure should be done in six months in order to reduce this patient's chronic pain."

28. On September 25, 2006, Mr. Prescott dropped off his MRI and his past MRI "to discuss upcoming surgical intervention" with Dr. Franchini.

29. On January 4, 2007, Dr. Franchini performed a surgery on Mr. Prescott at VAMC.

30. Dr. Franchini's medical records from on or about January 4, 2007, reflect that he conducted an "open repair of osteochondral defect of the left talar dome."

31. Mr. Prescott saw Dr. Franchini again on January 10, 2007 and then again on January 18, 2007.

32. Mr. Prescott was seen again by Dr. Franchini on January 25, 2007. In the medical record from that date, Dr. Franchini notes that "the ankle radiographs show a well-healing osteotomy of the medial malleolus."

33. Dr. Franchini saw Mr. Prescott again on February 20, 2007. On that date, Dr. Franchini states in his medical record that Mr. Prescott has a "healed osteotomy."

34. In March 2007, Dr. Franchini told Mr. Prescott that injection therapy to the left ankle region may be appropriate to address any ongoing pain problems.

35. On January 15, 2009, Dr. Franchini examined Mr. Prescott. Dr. Franchini's medical record from that date states that Mr. Prescott has "ankle pain, and now relates a pain discomfort of the foot . . . ."

36. Dr. Franchini states in his medical record from January 15, 2009 that Mr. Prescott's problems, including the ankle pain and the pain discomfort of the foot are due "solely to DJD of the foot and ankle. . . ."

37. Dr. Franchini's communications with Mr. Prescott on or about January 15, 2009 and Dr. Franchini's medical record of January 15, 2009 show that Dr. Franchini blames a degenerative condition (Degenerative Joint Disease or "DJD") for Mr. Prescott's complaints rather than identifying problems with the surgeries he conducted on July 13, 2006 or January 4, 2007.

38. On December 8, 2009, Mr. Prescott saw Dr. Franchini and Dr. Franchini notes in the medical record from that encounter that Mr. Prescott should wear orthotics.

39. On December 30, 2009, Dr. Franchini saw Mr. Prescott and notes in the medical record from that date that "the patient I feel has developed an abnormal gait due to damage of the left ankle and started to cause excessive load to the right ankle which is causing pain and discomfort. Will consult to Boston to see if any further surgery could be offered at this time."

40. From the first time that Mr. Prescott saw Dr. Franchini throughout all of Dr. Franchini's care of Mr. Prescott, Dr. Franchini never indicated that anything untoward or unplanned happened in either surgery that he conducted on Mr. Prescott.

41. Dr. Franchini never gave Mr. Prescott any indication that there were any complications encountered during either of the two surgeries that he performed on Mr. Prescott.

42. Dr. Franchini blamed Mr. Prescott's ongoing pain problems on Mr. Prescott's previous injury, anatomical problems, and degenerative joint disease.

43. On February 7, 2013, Dr. Charles Foster wrote a Podiatric Note after having examined Mr. Prescott and after having conducted a review of Dr. Franchini's care. Dr. Foster's Case Review and Podiatric Note, among other things, states the following:

"In reviewing this case and looking at the malleolar osteotomy repair on the second Dr. Franchini case, the anatomic reduction of that osteotomy was less than ideal and may have caused bone pressure against the medial wall of the talus – causing medial gutter impingement which could explain why his [Mr. Prescott] symptoms became so much worse than before the last surgery. I did review this observation with the patient."

Dr. Foster's Note goes on to state:

". . . If he [Mr. Prescott] is at a point where he cannot ambulate or do ADLs then it is time to consider ankle fusion (or total ankle arthroplasty) but TAA is not without risk and if it fails, fusion is difficult to obtain thereafter . . . ."

44. Mr. Prescott was unaware that there was any iatrogenic cause of his injuries, damages and losses until at least February or March of 2013 when he attended a meeting with Director of VAMC Ryan Lilly, Chief of Staff of VAMC Dr. Richardson, and other representatives and healthcare providers from VAMC. It was during this meeting when Mr. Prescott was presented with the findings of Dr. Foster's February 7, 2013 review of Dr. Franchini's care.

45. As a result of the medical care rendered by Dr. Franchini, including, but not limited to the surgeries performed on July 13, 2006 and January 4, 2007, Mr. Prescott developed significant injuries, including a pain condition concerning his left ankle, left foot, and left leg. His condition has created problems with his right foot, right ankle, and right leg.

46. As a result of the medical care rendered by Dr. Franchini, Mr. Prescott's ambulation is limited, his activities of daily living are limited, his recreational abilities are limited, his vocational abilities and vocational opportunities are limited, he is permanently impaired, and he has pain even while he is at rest.

47. Mr. Prescott has sustained past and future economic damages and past and future non-economic damages as a result of the medical care rendered by Dr. Franchini.

### III.   FIRST CLAIM FOR RELIEF
### (Negligence – Thomas Franchini, DPM)

48. Plaintiff incorporates the paragraphs above as if fully set forth herein.

49. At all relevant times, Plaintiff Mark S. Prescott was under the care and treatment of Defendant United States of America, through the VAMC and Dr. Thomas Franchini.

50. Defendant United States of America is responsible for all negligent acts and/or omissions of Dr. Franchini during the relevant time frame.

51. VAMC is responsible for all negligent acts and/or omissions of Dr. Franchini for the relevant timeframe.

52. Dr. Thomas Franchini owed Plaintiff Mark S. Prescott a duty to exercise that degree of care, skill, caution, diligence and foresight, exercised and expected of physicians under the same or similar circumstances.

53.     Dr. Thomas Franchini deviated from the standard of care required and was negligent in his care and treatment of Plaintiff Mark S. Prescott.

54.     Dr. Thomas Franchini's negligence included, but is not limited to:

a)  Failing to properly perform the July 13, 2006 surgery;

b)  Failing to properly perform the January 4, 2007 surgery;

c)  Failing to provide appropriate care between the July 13, 2006 surgery and the January 4, 2007 surgery;

d)  Failing to provide appropriate care after the January 4, 2007 surgery;

e)  Failing to perform an appropriate anatomic reduction of Mr. Prescott's osteotomy; and

f)  Negligently causing bone pressure against the medial wall of Mr. Prescott's talus, causing medial gutter impingement.

55.     As a direct and proximate result of Dr. Franchini's negligence, Plaintiff Mark S. Prescott has suffered injuries, damages and losses, past and future economic damages, past and future non-economic damages, past and future physical impairment, and past and future disfigurement.

56.     As a direct and proximate result of Dr. Franchini's negligence, Plaintiff Mark S. Prescott has past and future damages for permanent impairment, pain, suffering, inconvenience, emotional distress and impairment of quality of life.

57.     As a direct and proximate result of Dr. Franchini's negligence, Plaintiff Mark S. Prescott has and will incur damages pertaining to home services, home alterations, medical care, therapy, pharmaceuticals, surgeries, medical devices, transportation, travel and other expenses.

58.     As a direct and proximate result of Dr. Franchini's negligence, Plaintiff Mark S. Prescott has severe orthopedic injury, podiatric injury, and neurologic injury associated with problems with his left ankle, left foot and left leg.

59. As a direct and proximate result of Dr. Franchini's negligence, Plaintiff Mark S. Prescott also is or has developed problems with his right ankle, right foot, and right leg.

60. Plaintiff makes a claim for all costs, attorneys' fees, pre-judgment interest, pre-filing interest, and post-judgment interest allowable under applicable law.

61. Plaintiff makes a claim for all costs of litigation, including deposition expenses, expert witness expenses, and filing fees allowable under applicable law.

## IV. SECOND CLAIM FOR RELIEF
### (Negligence – VAMC)

62. Plaintiff incorporates the paragraphs above as if fully set forth herein.

63. Defendant United States of America is responsible for all negligent acts and/or omissions of VAMC during the relevant timeframe.

64. At all relevant times, Plaintiff Mark S. Prescott was under the care and treatment of VAMC.

65. VAMC, acting through its employees and agents, owed a duty of care to Plaintiff Mark S. Prescott.

66. VAMC breached its duties and was negligent in its care and treatment of Plaintiff Mark S. Prescott.

67. As a direct and proximate result of the negligence of VAMC, Plaintiff Mark S. Prescott suffered injuries, damages and losses more fully described above.

## V. THIRD CLAIM FOR RELIEF
### (Lack of Informed Consent - VAMC/Thomas Franchini, DPM)

68. Plaintiff incorporates the paragraphs above as if fully set forth herein.

69. Dr. Thomas Franchini performed surgical procedures on Plaintiff Mark S. Prescott on 07/13/06 and on 01/04/07.

70. Employees and agents of VAMC, including but not limited to, Dr. Thomas Franchini, negligently failed to obtain Plaintiff Mark S. Prescott's informed consent before each of the surgical procedures by failing to inform Plaintiff Mark S. Prescott of the substantial risks of the surgeries and the course of treatment and by failing to inform Plaintiff Mark S. Prescott of the alternatives to treatment proposed and by failing to properly obtain his informed consent regarding the general course of care regarding his left foot, left ankle, and left leg.

71. A reasonable person in the same or similar circumstances as Plaintiff Mark S. Prescott would not have consented to the surgical procedures or the overall course of care had he been given the information required for informed consent.

72. The negligent failure of Defendant United States of America, through employees and agents of VAMC, including but not limited to, Dr. Thomas Franchini, to obtain Plaintiff Mark S. Prescott's informed consent caused Plaintiff Mark S. Prescott to suffer injuries, damages and losses more fully described above.

WHEREFORE, Plaintiff Mr. Prescott prays for an award of compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier-of-fact, pre-filing interest, post-filing interest, pre-judgment interest, post-judgment interest, all other interest permitted by law, all costs permitted by law, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate.

Dated: December 31, 2014

/s/ David M. Lipman, Esq.
David M. Lipman, Esq.     Bar No.: 302
Peter B. Bickerman, Esq.   Bar No.: 1884
Attorney for **Plaintiff**
Lipman & Katz, PA
PO Box 1051
Augusta, ME 04332-1051
207-622-3711
dlipman@lipmankatz.com